UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-23297-DPG

TATIANA MARIN,
and others Similarly-situated,

    Plaintiff(s),

v.

5 STAR SERVICE, INC., PRO OUTSOURCING, INC.,
KHM BRICKELL, LLC, and CARLOS PANTOJA,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, TATIANA MARIN and other similarly-situated individuals ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant 5 STAR SERVICE, INC. ("5 Star"), PRO OUTSOURCING, INC. ("PRO OUTSOURCING"), KHM BRICKELL, LLC ("KHM Brickell"), and CARLOS PANTOJA ("Pantoja")(collectively Defendants) and allege as follows:

    1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"). This is also an action pursuant to the Pregnancy Discrimination Act ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA"), for discrimination and retaliation based upon Plaintiff's gender and protected status as a pregnant female.

    2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendants 5 STAR SERVICE, INC., PRO OUTSOURCING, INC., and KHM BRICKELL, LLC are all Florida having their main places of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, in a joint employment capacity. At all times material hereto the corporate Defendants were and are engaged in interstate commerce.

4. CARLOS PANTOJA, the individual Defendant and former employer of Plaintiff, resides in Miami-Dade County, Florida.

5. Plaintiff properly filed her Charge of Discrimination with the Equal Employment Opportunity Commission on or about July 1, 2013 alleging discrimination based on sex/gender. At the time of filing Plaintiff's original Complaint with this Court, over 180 days had passed since the EEOC received the Charge without a determination conferred onto Plaintiff or her counsel. As such, all conditions precedent to bringing this action have occurred, been performed or been excused.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On or about January 2011, Plaintiff began being placed for employment by PRO OUTSOURCING.

7. On or about March 2011, Plaintiff was placed by PRO OUTSOURCING at Sole on the Ocean until on or about May 2011.

8. While working at Sole on the Ocean, Plaintiff worked approximately sixty (60) to seventy-two (72) hours per week in which she did not receive proper overtime wages.

9. Plaintiff was then placed by PRO OUTSOURCING at the downtown Miami Courtyard Marriott from on or about June 2011 through August 2011.

10. While working at the downtown Miami Courtyard Marriott, Plaintiff worked approximately sixty (60) hours per week in which she did not receive proper overtime wages.

11. On or about January 2012, Plaintiff began being placed by 5 Star.

12. From on or about January 2012 through December 2012, Plaintiff was placed by 5 Star and worked at the Grand Beach Hotel.

13. While working at the Grand Beach Hotel, Plaintiff worked approximately eighty (80) hours per week in which she did not receive proper overtime wages.

14. On or about January 2013, Plaintiff was placed by PRO OUTSOURCING to work at the KHM Brickell, LLC d/b/a Viceroy in Brickell, Florida.

15. While working at the Viceroy, Plaintiff worked approximately fifty (50) to sixty (60) hours per week in which she did not receive proper overtime wages.

16. On or about May 2013, Plaintiff was placed by 5 Star to work at the Miami Beach Resort and Spa.

17. While working at the Miami Beach Resort and Spa, Plaintiff worked approximately forty-five (45) hours per week in which she did not receive proper overtime wages.

18. In the above employments, Plaintiff, in performing her duties as a housekeeper, did not supervise any other employees nor did she have the authority to hire or fire other employees.

19. During the month of February 2013 Plaintiff became pregnant.

20. While working at the Viceroy, Plaintiff informed the Director of Housekeeping, "Nathaniel" LNU, that she was pregnant.

21. Later, on or about March 27, 2013, Plaintiff's supervisor, Heidi Rivas, instructed her to complete tasks that she was physically unable to do due to Plaintiff's pregnancy. Plaintiff informed Heidi Rivas that she was pregnant and unable to do such tasks.

22. Plaintiff reported to her manager Bianca Alvarado of her incapacity to move and lift heavy furniture due to her pregnancy. Bianca Alvarado instructed Plaintiff to produce a doctor's note on the issue.

23. On or about April 2, 2013 Plaintiff provided to Bianca Alvarado her doctor's note stating that Plaintiff may continue to work, however no heavy lifting and on light duty due to her fourteen (14) weeks pregnancy.

24. After delivering her doctor's note, Plaintiff was informed by "Nathaniel" LNU, not to return to work.

25. Approximately on April 16, 2013, after "Nathaniel" LNU informed Plaintiff not to return, Plaintiff was informed by CARLOS PANTOJA, owner of Defendant PRO OUTSOURCING that the Viceroy did not want Plaintiff to work at their location due to Plaintiff's pregnancy.

26. Next, while working at the Miami Beach Resort and Spa, Plaintiff was informed by "Gerardo" LNU on June 12, 2013 that her employment was to be terminated.

27. While working at the Miami Beach Resort and Spa, Plaintiff did not receive any customer complaints.

28. Plaintiff alleges that her status as a pregnant individual was the deciding factor for 5 Star to terminate her employment and not provide future placements.

**COUNT I.**
**WAGE AND HOUR FEDERAL STATUTORY**
**VIOLATION AGAINST PRO OUTSOURCING**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-10, 14-15 above as if set out in full herein.

30. This action is brought by Plaintiff, and those similarly-situated, to recover from Defendant PRO OUTSOURCING unpaid overtime compensation, as well as an additional

amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

    31. Defendant PRO OUTSOURCING, at all times pertinent to this Complaint, were or are engaged in interstate commerce.  At all times pertinent to this Complaint, Defendant PRO OUTSOURCING operated as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states. Defendant PRO OUTSOURCING obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Plaintiff and those similarly-situated, by virtue of working in interstate commerce, satisfy the Act's requirements for individual coverage.

    32. By reason of the foregoing, Defendant PROSOURCING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant PRO OUTSOURCING.  Defendant PRO OUTSOURCING business activities involve those to which the Fair Labor Standards Act applies. Plaintiff TATIANA MARIN worked as a housekeeper for Defendant PRO OUTSOURCING's placement services.

33. While employed by Defendant PRO OUTSOURCING, Plaintiff TATIANA MARIN normally worked in excess of forty hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.

34. At all times material hereto, Defendant PRO OUTSOURCING failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant PRO OUTSOURCING to properly pay them at the rate of time and one half for all hours worked in excess of forty (40) hours per workweek as provided in said Act.

35. Defendant PRO OUTSOURCING knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant PRO OUTSOURCING as set forth above, and Plaintiff is entitled to recover double damages.  Defendant PRO OUTSOURCING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

36. Defendant PRO OUTSOURCING willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant PRO OUTSOURCING as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

    a.  Enter judgment for Plaintiff and other similarly-situated and against Defendant PRO

        OUTSOURCING on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Plaintiff demands a trial by jury.

## COUNT II.
## WAGE AND HOUR STATUTORY VIOLATION AGAINST 5 STAR

38. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-5, 11-13 above as if set out in full herein.

39. This action is brought by Plaintiff and those similarly-situated to recover from Defendant 5 STAR unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

40. Defendant 5 STAR, at all times pertinent to this Complaint, were or are engaged in interstate commerce.  At all times pertinent to this Complaint, Defendant 5 STAR operated as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines

of other states. Defendant 5 STAR obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Plaintiff and those similarly-situated, by virtue of working in interstate commerce, satisfy the Act's requirements for individual coverage.

41. By reason of the foregoing, Defendant 5 STAR is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant 5 STAR. Defendant 5 STAR business activities involve those to which the Fair Labor Standards Act applies. Plaintiff TATIANA MARIN worked as a housekeeper for Defendant 5 STAR.

42. While employed by Defendant 5 STAR, Plaintiff TATIANA MARIN normally worked in excess of forty hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.

43. At all times material hereto, Defendant 5 STAR failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant 5 STAR to properly pay them at the rate of time and one half for all hours worked in excess of forty (40) hours per workweek as provided in said Act.

44. Defendant 5 STAR knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment

with Defendant 5 STAR as set forth above, and Plaintiff are entitled to recover double damages. Defendant 5 STAR never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

45. Defendant 5 STAR willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant 5 STAR as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

a. Enter judgment for Plaintiff and other similarly-situated and against the Defendants on the basis of Defendant 5 STAR's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

f. Plaintiff demands a trial by jury.

## COUNT III
## Wage & Hour Federal Statutory Violation Against Carlos Pantoja

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 10, 14-15 of this complaint as if set out in full herein.

48. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, PRO OUTSOURCING.

49. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

50. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

51. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV.
## TITLE VII PREGNANCY DISCRIMINATION VIOLATION
## AGAINST PRO OUTSOURCING, 5 STAR & KHM BRICKELL, LLC d/b/a
## VICEROY[1]

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5, 19-28 above as if set out in full herein.

53. Plaintiff is a member of a protected class under Title VII.

54. The discrimination and termination of Plaintiff by Defendants was caused by discrimination regarding Plaintiff's pregnancy.

55. Defendants' decision to disparately treat Plaintiff was because of pregnancy.

56. At all relevant times aforementioned, including the time of termination, Defendants were aware that Plaintiff was pregnant.

57. At the time of termination from employment the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendants.

58. The Plaintiff was qualified for the position.

59. The Plaintiff was fired by supervising personnel of Defendants due to her pregnancy.

60. The Defendants are a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

61. The failure of Defendants to adhere to the mandates of the PDA was willful and its violations of the provisions of the PDA were willful.

---

[1] For purposes of Count IV Defendants includes Pro Sourcing, 5 Star, & KHM Brickell, LLC

62. Defendants, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of PDA, with respect to its decision to discharge Plaintiff from employment.

63. The Plaintiff's termination from employment of Plaintiff by Defendants was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiff because of the fact that she had an ectopic pregnant in violation of the PDA.

64. As a direct and proximate result of the Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

65. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendants is a mere pretext for the actual reason for termination, pregnancy.

66. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their status as a pregnancy individual. The discrimination on the basis of pregnancy constitutes unlawful discrimination.

## PRAYER FOR RELIEF

A. Plaintiff, hereby demands that the Defendants, reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendants' discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendants' discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time he would have worked absent the Defendants' discriminatory treatment.

B.  Additionally, Plaintiff hereby demands that the Defendants pay compensatory damages for Plaintiff's physical and emotional pain and suffering, award punitive damages and all reasonable attorneys' fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand

Plaintiff, demands a trial by jury on all issues triable of right by a jury.

### COUNT V.
### TITLE VII GENDER DISCRIMINATION VIOLATION
### AGAINST PRO OUTSOURCING, 5 STAR & KHM BRICKELL, LLC d/b/a VICEROY[2]

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5, 19-28 above as if set out in full herein.

68. Plaintiff is a member of a protected class under Title VII.

69. At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals' gender.

70. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender considerations or reasons.

71. Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, male employees were allowed better work opportunities.

---

[2] For purposes of Count V Defendants includes Pro Sourcing, 5 Star, & KHM Brickell, LLC

72. As a direct and proximate result of the Defendants unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

73. Moreover, as a further result of the Defendants unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

74. Plaintiff was qualified for her position with Defendants.

75. Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

76. Defendants' actions through its supervisors were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Plaintiff's gender.

77. The aforementioned actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants; find that the Defendants indeed violated the FRCA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

**WHEREFORE**, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position; Reinstate full fringe benefits and seniority rights to PLAINTIFF;

E. Order Defendants to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay;

F. Award any other compensation allowed by law including attorney's fees (448.104); Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

G. Grant PLAINTIFF a trial by jury;

H. Grant such other and further relief as the Court deems just and proper.

### COUNT VI: TITLE VII RETALIATION VIOLATION AGAINST PRO OUTSOURCING, 5 STAR & KHM BRICKELL, LLC d/b/a VICEROY[3]

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5, 19-28 above as if set out in full herein.

79. Defendants are employers as that term is used under the applicable statutes referenced above.

80. The foregoing Count establishes causes of action for gender discrimination/pregnancy discrimination under Title VII.

81. Plaintiff was subjected to unlawful retaliation after Plaintiff informed Defendants of her pregnancy thus adversely affecting her under Chapter 760, Florida Statutes.

82. The foregoing unlawful actions by Defendants were purposeful.

---

[3] For purposes of Count VI Defendants includes Pro Sourcing, 5 Star, & KHM Brickell, LLC

83. Thus, there exists a causal connection between Plaintiff's action of informing Defendants of her pregnancy and the adverse employment action taken thereafter.

84. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

85. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order Defendants to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: October 10, 2014

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 W. Flagler St., Ste. 2200
Miami, FL 31330
Tel. (305) 416-5000
Fax: (305) 416-5005

By: **s/ Brody M. Shulman**_____
Jason S. Remer, Esq.
Florida Bar Number: 0165580
Brody M. Shulman, Esq.
 Fla. Bar No.: 092044

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                         By: **s/ Brody M. Shulman**
                            Jason S. Remer, Esq.
                            Florida Bar Number: 0165580
                            Brody M. Shulman, Esq.
                            Fla. Bar No.: 092044

**Service List**
**Paul Fernandez Penichet**
Penichet Law
9655 South Dixie Highway
Suite 310
Miami, FL 33156
305-373-8809
373-8809 (fax)
ecm@penichetlaw.com


Jonathan Alan Beckerman, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue
Suite 2700
Miami, FL 33131
305-400-7500
305-603-2552 (fax)
jabeckerman@littler.com