UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23297-CIV-GAYLES/TURNOFF

TATIANA MARIN, and other
Similarly-situated individuals,

      Plaintiff(s),

v.

PRO OUTSOURCING, INC.,
5 STAR SERVICE, INC.,
KHM BRICKELL, LLC and
CARLOS PANTOJA

      Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE**

Plaintiff, Tatiana Marin, and Defendants, Pro Outsourcing, Inc., KHM Brickell, LL and Carlos Pantoja, pursuant to this Court's Order [DE 26 and 28], and by and through undersigned counsel, file this Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

Plaintiff filed this action against Defendants for unpaid overtime compensation, and for gender discrimination and retaliation.  During discovery, Defendants produced time records that showed that Plaintiff was paid overtime wages, but Plaintiff maintained that she was due unpaid wages and payment for the discrimination and retaliation claims. Defendants maintain that they did not violate any state or federal law related to the payment of wages, discrimination in the workplace or retaliation for engaging in any protected activity.  However, in order to avoid the expense and uncertainty to litigation, the

parties agreed to settle all of their differences by entering into the settlement agreement filed as Exhibit 1.

In private suits under the FLSA, the parties may present the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013), citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). As the Eleventh Circuit acknowledged, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354; *Cruz v. Winter Garden Realty, LLC*, 2013 WL 4774617 (M.D. Fla., Sep 4, 2013), at *3 (if the parties adequately disclose the reasons for a compromise, it may be approved by the court).

Court approval of settlements in private FLSA actions are often appropriate when the employee has the assistance of counsel:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, where the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.3d at 1354; *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach, almost by definition, will be reasonable. Rarely will the

Court be in a position to competently declare that such a settlement is unreasonable.")

The parties are represented by experienced and competent counsel, and agree that the settlement for each Plaintiff is a fair and reasonable compromise of the disputed FLSA claims.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the settlement agreements and dismissing this action with prejudice against Defendants.   The parties request the Court retain jurisdiction to enforce the terms of the settlement agreement.

Respectfully submitted on March 10, 2015

By:  s/ Brody M. Shulman
  Jason S. Remer, Esq.
  FBN: 0165580
  Brody M. Shulman, Esq.
  FBN: 092044

  Remer, Georges-Pierre, PLLC
  Counsel for Plaintiff
  44 West Flagler Street
  Suite 2200
  Miami Florida 33130
  Tel. (305) 416-5000
  Fax. (305) 416-5005

By:  s/ Paul F. Penichet
  Paul F. Penichet, Esq.
  FBN: 899380

  Penichet Law
  Counsel for Defendants
  9655 S. Dixie Highway
  Suite 310
  Miami, FL 33156
  Tel. (305) 373-8809
  Fax. (305) 373-8810
  Paul@Penichetlaw.com

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by ECM on

March 10, 2015 on all counsel or parties of record on the Service List below.

s/ Brody M. Shulman
Jason S. Remer, Esq.
FBN: 0165580
Brody M. Shulman, Esq.
FBN: 092044

## Service List

Paul F. Penichet
Penichet Law
Counsel for Defendants
9655 S. Dixie Highway
Suite 310
Miami, FL 33156
Tel. (305) 373-8809
Fax. (305) 373-8810
Paul@Penichetlaw.com

Jonathan A. Beckerman, Esq.
Littler Mendelson, P.C.
333 SE 2nd Avenue
Suite 2700
Miami, FL 33131
Tel: 305-400-7500
Fax: 305-603-2552
*Co-Counsel for Defendant*
*KHM Brickell, LLC*